UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| **SAID IBRAHIM,** | |
| *Petitioner,* | Case No. 25-CV-808 |
| v. | |
| **JOSEPH FREDEN,** in his official capacity as Field Office Director; Buffalo Field Office, U.S. Immigration and Customs Enforcement; | **PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241** |
| **STEVEN KURZDORFER,** In his official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration and Customs Enforcement; | |
| **TODD LYONS**, In his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; | **ORAL ARGUMENT REQUESTED** |
| **KRISTI NOEM,** In her official capacity as Secretary of Homeland Security, | |
| *Respondents*. | |

## INTRODUCTION

1. Petitioner Said Ibrahim has been detained by ICE on multiple occasions. He was detained by ICE in September 2014. On or about November 6, 2014, the Immigration Judge ordered Mr. Ibrahim removed to Somalia, and he waived his right to appeal that administrative decision. He continued to be held in immigration detention until July 1, 2015 – approximately eight (8) months of detention after his removal order became administratively final. ICE,

1

presumably, released Mr. Ibrahim in July 2015 because they were unable to deport him to Somalia at the time. He was placed on a reporting schedule and was making regular contact with ICE. On June 16, 2025, ICE detained Petitioner and held him at the Buffalo Federal Detention Facility. He has now been held for over two and a half months in ICE custody, with no movement towards his deportation. Thus, ICE has held Petitioner in their custody for a total of approximately ten and a half months, without effectuating his removal. He has not been given any individualized bond determination, prevented from seeking a bond from an Immigration Judge due to having an administratively final order of removal. Petitioner's detention became unconstitutional six months after the removal order in his case became administratively final on November 6, 2014, because removal is not reasonably foreseeable. Accordingly, to vindicate Petitioner's statutory and constitutional rights and to put an end to his continued arbitrary and indefinite detention, this Court should grant the instant petition for a writ of habeas corpus.

2. Petitioner was held for 8 months after his order of removal was issued, without being deported. He now is held in ICE custody for 2.5 months, with no apparent movement toward his deportation. Petitioner believes that ICE is unable to deport individuals to Somalia at this time due to foreign policy considerations. Absent an order from this Court, Petitioner will likely remain detained for many more months, if not years.

3. Petitioner asks this Court to find that his prolonged incarceration is unreasonable and to order his immediate release.

## JURISDICTION

4. Petitioner is detained in civil immigration custody at the Buffalo Federal Detention Facility in Batavia, NY. He has been detained since on or about June 16, 2025. He has not received an individualized bond hearing before an immigration judge (IJ).

5. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I § 9, cl. 2 of the United States Constitution (Suspension Clause). This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

7. Venue is proper because Petitioner is detained at Batavia, New York, and the Field Office Director in charge of his detention is in Buffalo, New York, which is within the jurisdiction of this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e), because Respondents are officers, employees, or agencies of the United States, a substantial part of the events or omissions giving rise to her claims occurred in this district, and no real property is involved in this action.

## PARTIES

9. Petitioner is a citizen of Somalia, was ordered removed following proceedings. He has been detained for over 10 and a half months cumulatively and is currently detained at Buffalo Federal Detention Facility. He is the custody, and under the direct control, of Respondents and their agents.

10. Respondent Joseph Freden is a Buffalo, NY Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is a local ICE official who has authority over the Petitioner. See *Vasquez v. Reno*, 233 F,3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Freden's office is at 250 Delaware

Avenue, Floor 7, Buffalo, NY 14202 and/or at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020.

11. Respondent Steven Kurzdorfer is a Buffalo, NY Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is a local ICE official who has authority over the Petitioner. See *Vasquez v. Reno*, 233 F,3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Kurzdorfer's office is at 250 Delaware Avenue, Floor 7, Buffalo, NY 14202 and/or at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020.

12. Respondent Todd Lyons is the Acting Director of U.S. Immigration and Customs Enforcement ("ICE"). In this capacity, Respondent Lyons is responsible for overseeing ICE, the component agency responsible for Petitioner's detention.

13. Respondent Kristi Noem is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the INA, and oversees ICE, the component agency responsible for Petitioner's detention. Respondent Noem is empowered to carry out any administrative order against Petitioner and is a legal custodian of Petitioner.

## STATEMENT OF FACTS

14. Petitioner is a Somalian citizen who was born in the Dadaab Refugee camp in Kenya on January 1, 1994. In May 2005, Mr. Ibrahim, a native of Kenya and a citizen of Somalia, and his family entered the United States as refugees. Mr. Ibrahim and his family were admitted as Refugees based on the history of persecution of the Somali Bantu in Somalia. Country condition reports show the Somali Bantu are among the most segregated and

4

discriminated minorities in Somalia. Mr. Ibrahim's family was victims of past persecution in Somali based on their race. The Somali Bantu were persecuted and discriminated throughout their history. They were traditionally seen as lower class and treated like slaves by other Somalis. The persecution increased with the beginning of the Somali Civil War. During the civil war, Mr. Ibrahim's family were attacked by ethnic Somalis and forced to leave their home and escape to a refugee camp in Kenya. Sadly, Mr. Ibrahim's grandmother and cousin were killed in the attacks as the family fled to Kenya.

15. Following his arrival to this country, in September 2014, Mr. Ibrahim was convicted in Texas for the offense of injury to a child in violation of Texas Penal Code § 22.04 (a)(3). He was sentenced to five year deferred adjudication as a result. Later that same month, ICE officers encountered Mr. Ibrahim at a probation office in Texas and took him into custody. On November 6, 2014, an immigration judge ordered Mr. Ibrahim removed to Somalia, with Kenya as an alternative country. Mr. Ibrahim waived his right to appeal the immigration judge's order. Mr. Ibrahim was released from Immigration detention on July 1, 2015, presumably due to ICE being unable to effectuate his deportation. Since his release, Mr. Said has regularly appeared at his required ICE Check-ins and complied with all requirements set by ICE.

16. On June 16, 2025, Mr. Ibrahim was instructed to check-in at the Syracuse, NY ICE office. Mr. Ibrahim was detained at this appointment and shortly after transferred to the Buffalo Federal Detention Facility, where he has remained since. Mr. Ibrahim filed a Motion to Reopen based on changed circumstances and *sua sponte* authority on August 5, 2025. In his Motion, the Petitioner documented the increased persecution of the Somali

5

Bantu, specifically the arrest and recent death of General Sheegow Ahmed Ali, a prominent figure in the Bantu community. The Motion was denied by the Assistant Chief Immigration Judge of the Dallas Immigration Court on August 8, 2025. Mr. Ibrahim continues to be detained at the Buffalo Federal Detention Facility.

## LEGAL FRAMEWORK

17. Pursuant to 28 U.S.C. § 2243, the Court either must grant the instant petition for writ of habeas corpus or issue an order to show cause to Respondents, unless Petitioner is not entitled to relief. If the Court issues an order to show cause, Respondents must file a response "within *three days* unless for good cause additional time, *not exceeding twenty days*, is allowed." 28 U.S.C. § 2243 (emphasis added).

18. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

19. This fundamental due process protection applies to all noncitizens, including both removable and inadmissible noncitizens. *See id.* at 721 (Kennedy, J., dissenting) ("[B]oth removable and inadmissible [noncitizens] are entitled to be free from detention that is arbitrary or capricious."). It also protects noncitizens who have been ordered removed from the United States and who face continuing detention. *Id.* at 690.

20. Furthermore, 8 U.S.C. § 1231(a)(1)-(2) authorizes detention of noncitizens during "the removal period," which is defined as the 90-day period beginning on "the latest" of either

6

"[t]he date the order of removal becomes administratively final"; "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order"; or "[i]f the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."

21. Although 8 U.S.C. § 1231(a)(6) permits detention "beyond the removal period" of noncitizens who have been ordered removed and are deemed to be a risk of flight or danger, the Supreme Court has recognized limits to such continued detention. In *Zadvydas*, the Supreme Court held that "the statute, read in light of the Constitution's demands, limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States." 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

22. In determining the reasonableness of detention, the Supreme Court recognized that, if a person has been detained for longer than six months following the initiation of their removal period, their detention is presumptively unreasonable unless deportation is reasonably foreseeable; otherwise, it violates that noncitizen's due process right to liberty. 533 U.S. at 701. In this circumstance, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

23. The Court's ruling in *Zadvydas* is rooted in due process's requirement that there be "adequate procedural protections" to ensure that the government's asserted justification for a noncitizen's physical confinement "outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id.* at 690 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)). In the immigration context, the Supreme Court only recognizes two purposes for civil

7

detention: preventing flight and mitigating the risks of danger to the community. *Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 528. The government may not detain a noncitizen based on any other justification.

24. The first justification of preventing flight, however, is "by definition . . . weak or nonexistent where removal seems a remote possibility." *Zadvydas*, 533 U.S. at 690. Thus, where removal is not reasonably foreseeable and the flight prevention justification for detention accordingly is "no longer practically attainable, detention no longer 'bears [a] reasonable relation to the purpose for which the individual [was] committed.'" *Id.* (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)). As for the second justification of protecting the community, "preventive detention based on dangerousness" is permitted "only when limited to specially dangerous individuals and subject to strong procedural protections." *Zadvydas*, 533 U.S. at 690–91.

25. Thus, under *Zadvydas*, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. If removal is reasonably foreseeable, "the habeas court should consider the risk of the [noncitizen's] committing further crimes as a factor potentially justifying the confinement within that reasonable removal period." *Id.* at 700.

26. At a minimum, detention is unconstitutional and not authorized by statute when it exceeds six months and deportation is not reasonably foreseeable. *See Zadvydas*, 533 U.S. at 701 (stating that "Congress previously doubted the constitutionality of detention for more than six months" and, therefore, requiring the opportunity for release when deportation is not reasonably foreseeable and detention exceeds six months); *see also Clark v. Martinez*, 543 U.S. 371, 386 (2005).

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

27. Petitioner re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

28. The Due Process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law." U.S. Const. amend. V.

29. Petitioner has been detained by Respondents for over twelve and a half months in total. Over ten and a half months of this prolonged detention has taken place *after* his removal period began, with 8 months of it taking place in 2014-2015 and two and a half months (and counting) in 2025.

30. Petitioner's removal order became administratively final on November 6, 2014. The removal period began on that day and elapsed six months thereafter.

31. Petitioner's prolonged detention is not likely to end in the reasonably foreseeable future. Where, as here, removal is not reasonably foreseeable, detention cannot be reasonably related to the purpose of effectuating removal and thus violates due process. *See Zadvydas*, 533 U.S. at 690, 699–700.

32. For these reasons, Petitioner's ongoing prolonged detention violates the Due Process Clause of the Fifth Amendment.

### COUNT TWO
### Violation of 8 U.S.C. § 1231(a)

33. Petitioner re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.

9

34. The Immigration and Nationality Act at 8 U.S.C. § 1231(a) authorizes detention "beyond the removal period" only for the purpose of effectuating removal. 8 U.S.C. § 1231(a)(6); s*ee also Zadvydas*, 533 U.S. at 699 ("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."). Because Petitioner's removal is not reasonably foreseeable, his detention does not effectuate the purpose of the statute and is accordingly not authorized by § 1231(a).

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Declare that Petitioner's ongoing prolonged detention violates the Due Process Clause of the Fifth Amendment and 8 U.S.C. § 1231(a);

(3) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

(4) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

(5) Grant any further relief this Court deems just and proper.

Dated: September 3, 2025

Respectfully submitted,

/s/ Matthew K. Borowski

Matthew K. Borowski
*Attorney for Petitioner*
4343 Union Road, Buffalo NY 14225
E-mail: matthew@borowskilaw.com
Tel: 716-330-1503

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Said Ibrahim

## DEFENDANTS
Joseph Freden, Steven Kurzdorfer, Todd Lyons, Kristi Noem

**(b)** County of Residence of First Listed Plaintiff: **Genesee**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Erie**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew Borowski, Borowski Witmer Immigration Lawyers, 4343 Union Rd, Buffalo, NY 14225

Attorneys (If Known)
USAO, Buffalo, NY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | [x] 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 USC 2241

Brief description of cause:
Habeas Corpus Petition for Non-Citizen Detainee

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 09/03/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Matthew Borowski

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.